

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

RICHARD GORMAN                                    PLAINTIFF

VERSUS                                          CAUSE NO. A2402-08-134

STATE FARM FIRE AND CASUALTY COMPANY           DEFENDANT

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

FILED MAY 13 2009 GAYLE PARKER, CIRCUIT CLERK

COMES NOW the Plaintiff RICHARD GORMAN, ("Plaintiff"), by and through counsel and hereby files this his Amended Complaint against the Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), and in support thereof would show the following, to-wit:

**PARTIES**

1. Plaintiff Richard Gorman is an adult resident citizen of Harrison County, Mississippi currently residing at, 15236 County Farm Road Gulfport, Mississippi.

2. The Defendant State Farm, is an insurance company doing business in the State of Mississippi with its corporate headquarters located at, One State Farm Plaza, Bloomington, Illinois 61710. At all times relevant to this Complaint, State Farm was authorized to issue homeowners insurance policies within the State of Mississippi. State Farm may be served with process in this action through service on its Registered Agent, William E. Penna, 1080 River Oaks Drive, Suite B-100, Flowood, Mississippi 39232, or on the Mississippi Insurance Commissioner as provided by law.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the persons and the subject matter of this Complaint pursuant to Miss. Code Ann. § 9-7-81. Venue is proper in Harrison County, pursuant to Miss. Code

Ann. § 11-11-3, as this is the location of the property at issue.

## BACKGROUND FACTS

4. At all times material hereto, Plaintiff Richard Gorman was the named insured on a policy of insurance issued by State Farm for business office coverage. A copy of the Declarations Page is attached hereto and made a part hereof as Exhibit "A" to this Complaint.

5. On or about August 29, 2005, Hurricane Katrina made landfall in an area between Louisiana and Mississippi. As a result of the landfall and the location of the eye of the storm, the southern half of the State of Mississippi sustained the most severe damage from the winds of Hurricane Katrina.

6. The insured property, which is the subject matter of this lawsuit, is located at 131 Reynoir Street Biloxi, Mississippi. The subject property sustained catastrophic damage, and some of the business contents likewise suffered significant damage, all of which were caused by winds and tornadic action that were part of Hurricane Katrina. As a result, the property, including business contents, was damaged by the violent and tornadic winds associated with Hurricane Katrina. The aforementioned wind damage resulted in losses that were fully covered by the subject policy.

7. Coverage under the policy for damages caused by Hurricane Katrina, included building coverage of $138,600.00, business personal property coverage of $48,800.00, and loss of income coverage. The policy sets forth in applicable paragraphs the coverages afforded.

8. Plaintiff has made a claim against State Farm for the damages under the property.

9. After Hurricane Katrina, your Plaintiff placed State Farm on notice of his claim as a result of the loss. Subsequently, State Farm made payments under Plaintiff's building policy totaling approximately $69,454.40, and his business personal property coverage totaling

approximately $65,145.50, for the entirety of his documented wind related losses.

10. Plaintiff continues to assert his rights for compensation. The insured has presented State Farm substantial evidence in support of his claims for additional compensation.

11. Notwithstanding this information, State Farm continues to deny that it is obligated to pay any further compensation under the policy of insurance.

## COUNT I

## BREACH OF CONTRACT AND FIDUCIARY DUTY

12. Plaintiff hereby incorporates by reference and realleges the foregoing allegations of his Complaint.

13. Plaintiff alleges that State Farm has breached the terms and provisions of the subject contract by failing to pay the full insurance proceeds due and owing. State Farm has wrongfully adjusted Plaintiff's claim and failed to fully indemnify Plaintiff for all of his covered losses under the policy of insurance. State Farm, by accepting the premiums, has a fiduciary duty to properly adjust the claim, which it has failed to do.

14. As a result of said breach of contract and fiduciary duty, Plaintiff has suffered un-reimbursed losses on his building and business personal property.

15. Plaintiff alleges that he is entitled to the full extent of the damage allowable under the subject policy to the building, business personal property, and loss of income insured by this policy. State Farm has failed to make full payment under this policy, and therefore is in breach of contract and fiduciary duty, notwithstanding its obligation to adjust this loss with the best interest of the insured in mind.

16. Plaintiff presented a fully documented claim regarding losses covered by the insurance

3

policy. State Farm has failed to properly adjust the claim and to pay for all of the damages caused by Hurricane Katrina as required by the policy.

17. State Farm has breached the contract by its failure to fully pay valid claims and as a result of this breach, Plaintiff has sustained *Veasley* damages, proximately caused by the breach, for which State Farm should be liable. Further, Plaintiff seeks specific performance of the contract of insurance and indemnification of all losses, including consequential damages, attorney fees and expenses.

## COUNT II

### BREACH OF GOOD FAITH AND FAIR DEALING

18. Plaintiff incorporates by reference and realleges the foregoing allegations of his Complaint.

19. Plaintiff would show the Court that in every contract there is an implied duty of good faith and fair dealing on the part of the contracting parties. State Farm has breached its duty by its failure to negotiate in good faith and its failure to pay all sums that are due under the policy of insurance. State Farms actions in this regard are in violation of the duty of good faith and fair dealing and make it liable to the Plaintiffs for damages caused thereby.

WHEREFORE, PREMISES CONSIDERED, your Plaintiff hereby request that the Court accept this Complaint for filing, and after a trial by jury hereon, render a Judgment in favor of the Plaintiff against State Farm in the following particulars:

a. With respect to all Counts, a Judgment of compensatory, general and consequential damages under the Contract, including all sums due under the building coverage, business personal property coverage, and loss of income coverage.

b.   That the Court award attorneys fees, costs and expenses to the Plaintiff for the bringing of this action, including *Veasly* damages.

c.   That the Court grant any and all equitable relief appropriate in the premises, including appraisal and the Court award all pre-judgment and post-judgment interest that may be appropriate under law.

Respectfully submitted, this the __13__ day of May, 2009.

RICHARD GORMAN

BY: _____
RUSSELL S. GILL

RUSSELL S. GILL, P.L.L.C.
Russell S. Gill, MSB No. 4840
368 Howard Avenue
Biloxi, MS 39530
Tel: 228-432-0007
Fax: 228-432-0025
E-Mail: rsgill@datasync.com
Attorney for Plaintiff

5